UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIE CHARLES DAVIS, ) | Civil Action No.: 4:06-3340-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| BLUMENTHAL MILLS, INC., ROD ) | |
| COOK, JAMES BARRINEAU and ) | |
| TED EVANS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This is an employment discrimination case pursuant to Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, et seq. Plaintiff, Willie Charles Davis, appearing pro se[1], filed this action on November 27, 2006. Plaintiff alleges that Defendants discriminated against him because of his race.

On January 12, 2007, Defendants Rod Cook, James Barrineau, and Ted Eddings[2] filed a Motion to Dismiss (Document # 22), arguing that a Title VII action may not be maintained against supervisors or other employees in their individual capacities. Because Plaintiff is proceeding pro se, he was advised on January 18, 2007, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion to Dismiss could result in dismissal of his Complaint. Plaintiff failed to file a response to Defendants' Motion to Dismiss. On April 3, 2007,

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2]Incorrectly identified as "Ted Evans" in the Complaint.

the undersigned issued an Order (Document # 29) directing Plaintiff to file a response to Defendants' Motion within five (5) days of the date of the Order. On April 10, 2007, Plaintiff filed a response to that Order, requesting an extension of time (Document # 30). On April 12, 2007, the undersigned issued an Order (Document # 31) allowing Plaintiff an additional five days to file a response to Defendants' Motion. On April 17, 2007, Plaintiff filed a document entitled "Response" (Document # 33). Within his "Response" Plaintiff indicates that "[t]his is a motion for Dismissal for Rod Cook, James Barrineau, and Ted Evans."

It appears from Plaintiff's "Response" that he does not oppose Defendants' Motion to Dismiss. Therefore, it is recommended that Defendants' Motion to Dismiss (Document # 22) be granted and that Defendants Rod Cook, James Barrineau, and Ted Eddings be dismissed from this case.[3]

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 24, 2007  
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**

---

[3] Defendants' Motion is proper on the merits because Title VII does not provide for individual liability. Lissau v. Southern Food Service, Inc., 159 F.3d 177, 181 (4th Cir. 1998).