UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIE CHARLES DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　-vs-<br><br>BLUMENTHAL MILLS, INC., ROD COOK, JAMES BARRINEAU and TED EVANS,<br><br>　　　　　Defendants. | Civil Action No.: 4:06-3340-RBH-TER<br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

**I.     INTRODUCTION**

This is an employment discrimination case. Plaintiff, proceeding pro se, alleges a cause of action for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and/or 42 U.S.C. § 1981. Presently before the Court is Defendant Blumenthal Mills, Inc.'s[1] Motion for Summary Judgment (Document # 40), filed June 25, 2007. Because Plaintiff is proceeding pro se, he was advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's Motion for Summary Judgment could result in dismissal of her Complaint. Plaintiff's Response was due July 30, 2007. Plaintiff failed to respond by the deadline and, thus, the undersigned issued an Order (Document # 50) on December 17, 2007, directing Plaintiff to file a Response within ten (10) days of the date of the Order. On December 20, 2007, Plaintiff filed his Response (Document # 54).

---

[1] Defendants Rod Cook, James Barrineau, and Ted Evans have previously been dismissed from this case.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## II.     FACTUAL HISTORY

Plaintiff was employed by Defendant as an electrician in its Marion, South Carolina textile manufacturing facility.  Plaintiff was laid off in May of 2005, for lack of work and was terminated three months later on August 6, 2005, pursuant to company policy.  Ex. 1 to Defendant's Motion.

In November of 2005, Plaintiff filed a charge of race discrimination with the South Carolina Human Affairs Commission (SCHAC), alleging that he was laid off and subsequently discharged based on his race.  Ex. 3 to Defendant's Motion. On August 4, 2006, SCHAC dismissed Plaintiff's charge with a finding of no cause, and, on August 31, 2006, the Equal Employment Opportunity Commission (EEOC) adopted the finding.  Ex. 4 to Defendant's Motion.

Plaintiff filed the present action on November 27, 2006.  In his Complaint, Plaintiff alleges that Defendant placed him on temporary lay-off and subsequently terminated his employment even though less senior, white employees were retained; that, because of his race, he was given menial assignments during plant maintenance shutdowns; and that he was subject to a hostile and intimidating environment by his superiors when he inquired about scheduling or using earned vacation.

Defendant asserts that during the lay-off period, it retained employees that were cross-trained and job-qualified as both mechanics and electricians.  Plaintiff testified in his deposition that the white employees retained when he was laid off and then terminated were Al Dennis and Ernest Hayes.  Plaintiff Dep. at 2-3.  Plaintiff admits that he was informed by Defendant that they were

retaining employees that were certified as mechanics. Id. at 3. Al Dennis was qualified as a mechanic on August 4, 2003, and as an electrician on November 15, 2004. Ex. 6 to Defendant's Motion. Ernest Hayes was qualified as an electrician on November 15, 2004, and as a mechanic on April 15, 2005. Ex. 7 to Defendant's Motion. Plaintiff further admits that he was never cross-trained as a mechanic. Plaintiff Dep. at 4.

In addition, at his deposition, Plaintiff identified only one example of a hostile or intimidating environment. Plaintiff testified that one day when he came to the plant to pick up his paycheck, he asked his supervisor, James Barrineau, about taking a vacation day. Barrineau told Plaintiff that because he was the only electrician working on his shift, he could take a vacation day only if he secured a replacement. Plaintiff Dep. at 5-6.

Plaintiff filed a Response (Document # 54) to Defendant's Motion on December 20, 2007. However, the Response simply states "I oppose Blumenthal Motion. Motion I believe issue of fact need to be heard by jury."

## III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), FRCP; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita

Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986).  The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party.  Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

Rule 56(e) provides, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." See also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)(Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves").  To raise a genuine issue of material fact, a party may not rest upon the mere allegations or denials of his pleadings.  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**IV.   DISCUSSION**

    A.    Lay-Off and Termination

Plaintiff claims that he was laid-off and subsequently terminated because of his race. In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973),[2] the Supreme Court set forth a burden-shifting scheme for analyzing discrimination cases. Under McDonnell Douglas, plaintiff has the initial burden of demonstrating a prima facie case of discrimination. To establish a prima facie case, plaintiff must show (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he suffered an adverse employment action; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances. Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 133 (4th Cir. 2002).[3] Under some circumstances, the fourth element can be established by presenting evidence raising an inference of discrimination. See Miles v. Dell, Inc., 429 F.3d 480, 486-87 (4th Cir. 2005); EEOC v. Sears Roebuck & Co., 243 F.3d 846, 851 n.2 (4th Cir. 2001)(citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981)). Once plaintiff has established a prima facie case, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the termination. Burdine, 450 U.S. at 254. This is merely a burden of production, not of persuasion. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993).

---

   [2] The McDonnell Douglas analysis was refined in St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993), and Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

   [3]To the extent Plaintiff is asserting a claim pursuant to 42 U.S.C. § 1981, the required elements of a prima facie case are the same under Title VII and § 1981. Gairola v. Commonwealth of Va. Dep't. Of Gen. Services, 753 F.2d 1281, 1285 (4th Cir. 1985).

Once the defendant has met its burden of production by producing its legitimate, nondiscriminatory reason, the sole remaining issue is "discrimination vel non." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000)(citing Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983)). In other words, the burden shifts back to the plaintiff to demonstrate by a preponderance of the evidence that the legitimate reason produced by the defendant is not its true reasons, but were pretext for discrimination. Reeves, 530 U.S. at 143. During all of the burden shifting scheme set forth in McDonnell Douglas, the ultimate burden of proving that defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. Plaintiff has the ultimate burden of presenting evidence from which a reasonable jury could conclude defendant intentionally discriminated against her based on her race.

Plaintiff readily meets the first and third elements of prima facie case of discrimination. As a black male, he is a member of a protected class, and he suffered an adverse employment action when he was laid-off and then terminated. However, Defendant argues that Plaintiff cannot meet the second and fourth elements. Defendant asserts that Plaintiff did not possess the job qualifications necessary to avoid the lay-off because he was not qualified as both a mechanic and an electrician. Defendant further argues that Plaintiff cannot point to similarly situated white employees that were retained instead of him because both Dennis and Hayes were cross-trained and job-qualified as both mechanics and electricians.

There is no evidence in the record that Plaintiff's job performance was unsatisfactory prior to the lay-off. Thus, he does meet the second element of the prima facie case. However, Plaintiff's own testimony shows that he was not qualified as a mechanic and that he was informed by Defendant that it was retaining employees that were qualified as mechanics. Furthermore, Defendant has

produced evidence that both Dennis and Hayes, the two white employees about whom Plaintiff complains, were qualified and mechanics and electricians. Plaintiff has failed to produce any evidence that would contradict Defendant's evidence. Thus, the employees that survived the lay-off were not similarly situated employees. As such, Plaintiff fails to establish the fourth element of a prima facie case of race discrimination and summary judgment is appropriate on that claim.

However, even if Plaintiff had established a prima facie case of discrimination, Defendant has established a legitimate, non-discriminatory reason for Plaintiff's termination. The lay-off was due to a lack of work and the reason that less senior, white employees were retained over Plaintiff is that they were better qualified. Plaintiff has failed to present any evidence that Defendant's reasons for the adverse employment action were actually pretext for a discriminatory reason. As such, summary judgment is appropriate.

B.     Assignment of Menial Tasks

Plaintiff next alleges that, because of his race, he was assigned menial tasks during plant maintenance shutdowns. Defendant asserts that Plaintiff has failed to exhaust his administrative remedies with regard to this claim.

Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. Id. "An administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981).

The scope of a private action is defined by the scope of the administrative charge from which it arises and from any findings that arise out of the investigation of the charge. EEOC v. General Elec. Co., 532 F.2d 359, 365 (4th Cir. 1976). Therefore, only those claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (sexual harassment and discriminatory pay and benefits claims dismissed because EEOC complaint alleged only a failure to promote); Dennis v. County of Fairfax, 55 F.3d 151, 156-57 (4th Cir. 1995) (hiring, promotion, and training discrimination claims dismissed where EEOC charge alleged only discriminatory discipline).

In his Charge of Discrimination filed with SCHAC, Plaintiff alleged only that he was laid off and subsequently discharged based on his race. Furthermore, an investigation into the Charge as filed by Plaintiff would not lead to the development of a claim that Plaintiff was assigned menial tasks during plant maintenance shutdowns because of his race. Thus, Plaintiff has failed to exhaust his administrative remedies with regard to this claim and summary judgment should be granted.

  C.  Hostile Work Environment

Finally, Plaintiff asserts that he was subjected to a hostile work environment when he requested vacation time and was told he had to secure a replacement before he could take any time off.

To establish a hostile work environment claim, Plaintiff must present evidence to prove the following elements: 1) he was subjected to unwelcome conduct in a work related setting; 2) the conduct complained of was based on his race; 3) the conduct was sufficiently severe or pervasive to alter his conditions of employment and to create an abusive work environment; and 4) the conduct

is imputable on some factual basis to his employer. <u>Ocheltree v. Scollon Productions, Inc.</u>, 308 F.3d 351, 356 (4th Cir.2002); <u>Spicer v. Com. of Va. Dep't of Corrections</u>, 66 F.3d 705, 710 (4th Cir.1995); <u>Brown v. Perry</u>, 184 F.3d 388, 393 (4th Cir.1999).

Plaintiff has failed to produce any evidence, nor has he even alleged, that the conduct complained of was based on his race, that it was sufficiently severe or pervasive to alter his conditions of employment, or that it was in some way imputable to Defendant. As such, Plaintiff's hostile work environment claim fails and summary judgment is appropriate.

## V.    CONCLUSION

For the reasons set forth above, it is recommended that Defendant's Motion for Summary Judgment (Document # 40) be granted and this case dismissed in its entirety.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

January 7, 2008<br>
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**